Filed 6/12/14  P. v. White CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064782 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD244845) |
| MICHAEL WHITE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring and Laura W. Halgren, Judges.  Affirmed with directions.

Lewis A. Wenzell, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

Michael White (Michael) pled guilty to robbery with personal use of a knife; grand theft of personal property; and failing to appear while released on bail.[1]

---

1       We identify defendant by his first name to distinguish him from codefendant Melissa White, whom we refer to below.

Michael's appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth the procedural history and facts of the case and possible but not arguable issues. Counsel presents no argument for reversal but requests that we review the entire record for error. We granted Michael permission to file a brief on his own behalf, and he has not responded. We have reviewed the entire record and conclude there are no arguable issues. We affirm the judgment. We also order correction of several clerical errors in the minute order and abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

The charges against Michael arose from incidents that occurred at several locales in December 2012. According to information in the probation report, on December 4, 2012, Michael took several food items from a store, concealed them in his backpack, and attempted to leave the store without paying. When loss prevention officer Jose Mondragon approached Michael, Michael hit him in the head with his fist and brandished a knife, saying " 'So help me I'll stab you if you don't leave me alone!' " Mondragon backed away and Michael left on a motorcycle. Michael had dropped his backpack during the confrontation; the backpack contained the stolen items and information identifying Michael.

On December 4, 2012, Lisa Ruckteschler's purse was stolen. While sitting at a table at a restaurant, Ruckteschler felt a tug on her purse and saw a male wearing a motorcycle helmet walking quickly away from the scene.

2

On December 6, 2012, Michael and codefendant Melissa White rode by on a motorcycle and grabbed Julie Fowler's purse from the top storage area of a shopping cart while Fowler was unloading grocery items into her vehicle. A short time later, defendants were arrested at a nearby gas station where they attempted to use Fowler's bank card. In defendants' possession, the authorities found Fowler's purse, cell phone and wallet, and two additional wallets. Melissa's backpack also contained Ruckteschler's driver's license and her other identification or membership cards.

On March 1, 2013, Michael was released from custody on bail. On March 12, 2013, he failed to appear for a readiness conference and a warrant was issued for his arrest.

*Guilty Plea and Sentence*

Michael was charged as follows: For the December 4 incident involving loss prevention officer Mondragon: robbery with an enhancement for personal use of a deadly or dangerous weapon (a knife) (count 1) and assault with a deadly weapon (count 2). For the December 6 incident involving Fowler at the store: grand theft of personal property (count 3). For the December 6 incident at the gas station: receiving stolen property belonging to Fowler and/or Ruckteschler (count 4). For the December 4 incident involving Ruckteschler: grand theft of personal property (count 5) and grand theft from a person (count 6). Michael was also charged with failure to appear while released on bail on March 12, 2013, with an enhancement for commission of an offense while released from custody.

On August 13, 2013, Michael pled guilty to count 1 robbery with the knife use enhancement (Pen. Code[2] §§ 211, 12022, subd. (b)(1)); count 3 grand theft of personal property (§ 487, subd. (a)); and count 7 failure to appear while released on bail (§ 1320.5). The prosecutor agreed to dismiss the balance of the complaint and stipulated to a four-year sentence.

On September 11 and 16, 2013, Michael moved to withdraw his guilty plea and to obtain new counsel. The court held a *Marsden*[3] hearing; denied his motion for new counsel; and denied his motion to withdraw his guilty plea. Thereafter, the court sentenced Michael to four years in prison and imposed applicable statutory fines and fees. The sentence consisted of a three-year midterm for robbery; a consecutive one-year term for the personal knife use enhancement; and three-year concurrent upper terms for grand theft of personal property and failure to appear. Michael waived his right to be personally present at any future victim restitution hearing.

## DISCUSSION

Appellate counsel has set forth the following possible but not arguable issues:

(1) whether the court abused its discretion in denying Michael's motion to withdraw his guilty plea and *Marsden* motion, and

(2) whether the court sentenced Michael in accordance with the plea agreement.

---

[2]    Subsequent unspecified statutory references are to the Penal Code.

[3]    *People v. Marsden* (1970) 2 Cal.3d 118.

We have examined the record for error, including the possible issues identified by appellate counsel, and conclude there are no reasonably arguable appellate issues. Competent counsel has represented Michael on this appeal.

There are several clerical errors in the sentencing minute order and abstract of judgment that should be corrected by the superior court.  (1)  The minute order and abstract of judgment cite defendant's conviction on count three as under section 487, subdivision (c), whereas the correct citation is section 487, subdivision (a).  (2)  The minute order and abstract of judgment state the concurrent sentences on counts three and seven are for two years, whereas at the sentencing hearing the court made an oral pronouncement selecting three-year concurrent terms for these counts.

### DISPOSITION

The judgment is affirmed.  The superior court is directed to correct the minute order and the abstract of judgment to (1) identify the count three conviction as section 487, subdivision (a), and (2) identify the concurrent terms for counts 3 and 7 as three years.  The superior court shall transmit a copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

HALLER, J.

WE CONCUR:


HUFFMAN, Acting P. J.


IRION, J.

5